**COPY**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Darryl Middleton,<br> Plaintiff(s)<br><br>vs.<br><br>Richland County School District One[1],<br> Defendant(s) | IN THE COURT OF COMMON PLEAS<br>IN THE FIFTH JUDICIAL CIRCUIT<br><br>AMENDED<br>CIVIL ACTION COVERSHEET<br><br>C/A No.: 2017-CP-40-4064 |

Submitted By: J. Lewis Cromer/Samantha Albrecht
Address: CROMER BABB PORTER & HICKS, LLC
P.O. Box 11675
Columbia, SC 29211

SC Bar #: 1470 (JLC)/102642 (SA)
Telephone #: 803-799-9530
Fax #: 803-799-9533
E-mail: jlc@cbphlaw.com
Samantha@cbphlaw.com

## DOCKETING INFORMATION (Check all that apply)

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☒ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: _____  Date: July 7, 2017

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

Effective January 1, 2016, Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

Pursuant to the ADR Rules, you are required to take the following action(s):

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:    You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Darryl Middleton,<br><br>    Plaintiff,<br><br>v.<br><br>Richland County School District One,<br><br>    Defendant. | IN THE COURT OF COMMON PLEAS<br>IN THE FIFTH JUDICIAL CIRCUIT<br>CASE NO. 2017-CP-40-4064<br><br>**AMENDED SUMMONS**<br><br>JEANNETTE W. MCBRIDE<br>C.C.P. & G.S.<br>2017 JUL -7 PM 1:21<br>RICHLAND COUNTY<br>FILED |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Amended Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Amended Complaint, judgment by default will be rendered against you for the relief demanded in the Amended Complaint.

                       **CROMER BABB PORTER & HICKS, LLC**

                       BY: _____
                       J. Lewis Cromer (#1470)
                       Samantha E. Albrecht (#102642)
                       1418 Laurel Street, Suite A
                       Post Office Box 11675 (29211)
                       Columbia, South Carolina 29201
                       Phone 803-799-9530
                       Fax  803-799-9533
                       *Attorney for Plaintiff*

July 7, 2017
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Darryl Middleton,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Richland County School District One,<br><br>　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2017-CP-40-4064<br><br>AMENDED COMPLAINT<br>(Jury Trial Demanded) |



## EMPLOYMENT CASE

Plaintiff, complaining of Defendant, respectfully alleges as follows:

### PARTIES AND JURISDICTION

1.　　Plaintiff, Darryl Middleton (hereinafter "Plaintiff"), is a citizen and resident of Richland County, South Carolina, and works within Richland County School District One (hereinafter "Defendant").

2.　　Defendant, Richland County School District One, is a political subdivision of the State of South Carolina with its principal place of business in Columbia, South Carolina where it provides educational services within the geographical area of Richland County with its principal offices in Columbia, South Carolina.

3.　　This action asserts a cause of action for violation of the Payment of Wages Act and a cause of action for *quantum meruit* under statutory and common laws of South Carolina.

4.　　The events giving rise to this action occurred in Richland County, South Carolina. Furthermore, the parties have sufficient connections to Richland County, and jurisdiction is proper.

1

## FACTUAL ALLEGATIONS

5. Plaintiff began working in the educational field in the year 1989. He has received his doctorate in Education and Leadership and he is certified in Electronics, Secondary School administration.

6. Defendant hired Plaintiff in July of 2007 as a computer networking instructor with a ten-month contract.

7. Defendant promoted Plaintiff to a CATE engineering consultant in 2013 on a ten-month contract.

8. To Plaintiff's knowledge, other consultants within the district are on twelve-month contracts.

9. Plaintiff has had excellent reviews throughout the entirety of his employment with Defendant.

10. At the direction of Defendant, Plaintiff attended many summits, conferences, and other work-related trainings during the months of June and July.

11. During the summer months, Plaintiff attended Skills USA competitions and trainings as well as Project Lead the Way trainings.

12. To Plaintiff's knowledge, other consultants who work during the summer months are compensated for the work they perform. This led Plaintiff to believe that he would be compensated for the work he performed during the summer months as well.

13. Plaintiff performed work during the summer months outside his employment contract based on the belief that he would be compensated for the work he performed.

14. However, Plaintiff was never compensated for the time he spent working over the course of the summer.

15. Plaintiff has submitted requests to be transitioned to a twelve-month contract in order to prevent future summer work from being done without pay. This request has been denied.

## FOR A FIRST CAUSE OF ACTION
(Violation of the S.C. Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*)

1. Plaintiff realleges the above paragraphs where consistent herewith as if stated verbatim herein.

2. Plaintiff alleges that Defendant District violated his rights under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*

3. The Defendant District is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

4. The Defendant District required Plaintiff to work "off the clock" by requiring Plaintiff to perform work outside of the contracted 10-month employment term and did not pay him for all services rendered for the benefit of the Defendant District.

5. The Defendant District failed to pay Plaintiff for time worked, which he was entitled to receive in a timely fashion in the next paycheck after the hours that were worked, as required by S.C. Code Ann. § 41-10-40 and -50.

6. The Defendant District's failure to pay Plaintiff all wages due was willful, without justification, and in violation of the duty of good faith and fair dealing.

7. Pursuant to S.C. Code Ann. § 41-10-80, Plaintiff is entitled to the unpaid wages including three times the amount of wages to which she is owed (treble damages), attorney's fees, and costs for this specific cause of action.

## FOR A SECOND CAUSE OF ACTION
(Quantum Meruit)

8. Plaintiff realleges the above paragraphs where consistent herewith as if stated verbatim herein.

9. Alternative to Plaintiff's first cause of action under the Payment of Wages Act, as plead above to the extent it is conflicting, he alleges that the Defendant District made an implied promise to compensate his for time he worked on behalf of the Defendant District.

10. The Defendant District knew that Plaintiff worked hours for which she was not paid, yet it failed to compensate him for the additional time he worked.

11. The Plaintiff did not receive payment for the additional work he performed during the summer months.

12. Defendant has received the benefit of Plaintiff's high level of training. However, they also have not paid Plaintiff his rightfully earned compensation.

13. Defendant's retention of Plaintiff's hard work without giving him proper compensation constitutes an unjust enrichment for which relief is sought.

14. As a direct and proximate result of the Quantum Meruit claim referred to herein, Plaintiff is entitled to judgment against the Defendant for the full value of the services rendered by the Plaintiff for the time which he worked during the summer months and pre-judgment interest thereupon.

15. Plaintiff further requests the court order specific performance of Defendant to immediately reclassify Plaintiff's position to a twelve-month contract in order to prevent further unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Middleton prays for judgment against the Defendant District for actual damages, back pay, treble damages, pre-judgment interest on any recovery, for attorney's fees and punitive damages in an amount to be assessed by a jury. Middleton prays that the court order specific performance against the Defendant District to prevent any future denial of payment for time

worked. Middleton further prays for the costs of this action and for such other relief as the Court may deem just and proper.

CROMER BABB PORTER & HICKS, LLC

BY: _____

J. Lewis Cromer (#1470)
Samantha E. Albrecht (#102642)
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax      803-799-9533
*Attorneys for Plaintiff*

Columbia, South Carolina
July 7, 2017