IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darryl Middleton, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:17-cv-02116-JMC |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Richland County School District One, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Plaintiff Darryl Middleton's ("Plaintiff") Motion to Remand (ECF No. 7), and Defendant Richland County School District One's ("Defendant") Motion to Dismiss (ECF No. 5). For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 5).

I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a public school district located in Richland County, South Carolina, organized and existing under the laws of South Carolina. (ECF No. 1-1 at ¶ 2.) Plaintiff is a citizen and resident of Richland County, South Carolina. (*Id.* at ¶ 1.)

The dispute at issue in this case arises from Plaintiff's employment with Defendant. (ECF No. 5-1 at 1.) Plaintiff worked for Defendant as an Instructional Support employee for a term of two hundred (200) days. (*Id.* at ¶¶ 6, 7.) Plaintiff has over twenty-five years of experience in the educational field and holds a Doctorate in Education and Leadership along with certifications in Electronics, and Secondary School Administration. (*Id.* at ¶ 5.) Throughout his employment with Defendant, Plaintiff has attended professional development events during the summer months, which are outside of his contract term. (*Id.* at ¶ 10, 11.) Because these events took place outside

1

of Plaintiff's contract term, Defendant did not pay Plaintiff any wages or overtime payments for his attendance at these events. (*Id*. at ¶ 13, 14.)

On July 7, 2017, Plaintiff filed this action against Defendant in the Court of Common Pleas for the Fifth Judicial Circuit, asserting state law claims under the SCPWA and for quantum meruit. (ECF No. 1-1.) On August 10, 2017, Defendant removed the action to this court on the ground of federal question jurisdiction. (ECF No. 1.)

On August 17, 2017, Defendant filed a Motion to Dismiss, asserting that Plaintiff's claims, alleging state law causes of action, are preempted by the FLSA, and Plaintiff fails to assert facts sufficient to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5-1 at 1.)

On August 23, 2017, Plaintiff filed a Motion to Remand, asserting that "Plaintiff's claims for violation of SCPWA and quantum meruit arise under South Carolina state law and must be adjudicated in state court because there is neither diversity or a federal question." (ECF No. 7 at 1.)

On August 23, 2017, Plaintiff filed a response to Defendant's Motion to Dismiss, asserting that (1) Plaintiff has stated a plausible claim for violation under the SCPWA; (2) Plaintiff has stated a plausible claim for quantum meruit; (3) Plaintiff's claims are not preempted by the FLSA; and (4) Plaintiff does not assert any rights under the FLSA. (ECF No. 8.)

On August 30, 2017, Defendant filed a response to Plaintiff's Motion to Remand, asserting that "Defendant properly removed this case on the ground of federal question jurisdiction because Plaintiff's Complaint seeks recovery of minimum wages and overtime pay, directly implicating the FLSA, and because Plaintiff's allegations raise questions of exempt employee status and compensable time under the FLSA." (ECF No. 8 at 1.)

On August 30, 2017, Defendant filed a Reply to Plaintiff's response (regarding Defendant's Motion to Dismiss), largely re-asserting its position in its initial Motion to Dismiss. (ECF No. 10.)

## II. LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). Moreover, in a case that does not contain an allegation of diversity citizenship between the parties, the propriety of removal is based on a district court's "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"—stated differently, the propriety of removal is based on whether a federal question has been presented. 28 U.S.C. § 1331.

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th

Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

**A. Plaintiff's Claim Under the SCPWA**

The first dispute in this matter is whether Plaintiff's claim under the SCPWA is preempted by the FLSA. The FLSA regulates the payment of employees as it relates to the establishment of a minimum wage and the requirement that qualifying employees who work more than forty (40) hours during a work week receive overtime payment. *See* 29 U.S.C. §§ 206, 207. Plaintiff asserts that he is not disputing the hourly rate at which he is compensated when he is compensated, and is not requesting to be paid for more than 40 hours of work during a work week. (ECF No. 8 at 6.)

Rather, Plaintiff argues "that there are times that he works, during summer months, where he is not compensated by Defendant for the work that he performs." (*Id.*) Plaintiff is therefore asserting that the FLSA does not apply and his causes of action are solely based on South Carolina state law. (ECF No. 8 at 5.)

Defendant contends Plaintiff's claim under the SCPWA should be dismissed because it is preempted by the FLSA. (ECF No. 5-1 at 3.) Pursuant to the Supremacy Clause of the Constitution, federal laws and regulations may preempt state laws in three ways: (1) express preemption, (2) field preemption, and (3) conflict preemption. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007); U.S. Const. art. VI, cl. 2. The Fourth Circuit Court of Appeals held that the FLSA's exclusive and comprehensive enforcement scheme[1] preempted state claims asserting rights conferred under the FLSA by conflict preemption. *Id.* at 194 (citing *Kendall v. City of Chesapeake*, 174 F.3d 437, 443 (4th Cir. 1999). The court finds that the state law claims Plaintiff is asserting are preempted under the FLSA by conflict preemption, and thus jurisdiction is proper in this court.

The SCPWA provides that an "employer is not permitted to withhold or divert any portion of an employee's wages unless required or permitted to do so." S.C. CODE ANN. § 41-10-40 (1976). However, the basis for Plaintiff's SCPWA claim is his allegation that Defendant did not pay him for time he spent attending professional development trainings that were outside of his

---

[1] "With respect to the minimum wage and overtime compensation requirements, the FLSA's enforcement scheme includes the provision of criminal penalties for willful violations; the empowerment of the Secretary of Labor to supervise payment of unpaid wages due and to bring actions for unpaid wages, liquidated damages, and injunctive relief; and the authorization for workers to file private actions, in state or federal court, to recover unpaid wages, liquidated damages, and costs and attorney's fees." *Anderson*, 508 F.3d at 192.

contracted employment term. (ECF No. 1-1 at ¶¶ 13, 14.) The FLSA directly addresses whether time spent by an employee in attending a training activity is considered compensable work:

> Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met: (a) Attendance is outside of the employee's regular working hours; (b) Attendance is in fact voluntary; (c) The court, lecture, or meeting is not directly related to the employee's job; and (d) The employee does not perform any productive work during such attendance. 29 C.F.R. § 785.27.

Plaintiff's allegations do not raise the question of whether the manner in which he received his compensation was proper (which is addressed by the SCPWA), but rather, whether he was entitled to compensation. District courts in the Fourth Circuit have consistently recognized that while the FLSA regulates the amount of wages and overtime pay, the "SCPWA governs the manner in which wages are paid, withheld, or disputed." *Degidio v. Crazy Horse Saloon & Rest., Inc.*, C/A No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *4 (D.S.C. Sept. 30, 2015); *see also Visco v. Aiken County*, S.C., 974 F. Supp. 2d 908, 920 (D.S.C. 2013) ("the purpose of the SCPWA is to protect employees from the unjustified and willful retention of wages by the employer."). Specifically, Plaintiff asserts that he was entitled to compensation for his attendance at professional development events, a question directly addressed by the FLSA in 29 C.F.R. § 785.27.

### B. Plaintiff's Claim for Quantum Meruit

Plaintiff asserts that his quantum meruit claim seeks to recover for the value of his services rendered during the summer months outside of his contract period. (ECF No. 1-1 at ¶ 10.) Similar to his SCPWA claim, although not expressly claiming relief under the FLSA, Plaintiff seeks to recover for the time he spent at "many summits, conferences, and other work-related trainings during the months of June and July." (ECF No. 8 at 5.) Defendant contends that Plaintiff's claim for quantum meruit should also be dismissed because it too is preempted by the FLSA. (ECF No. 5-1 at 4.)

6

Where plaintiffs have alleged common law claims asserting rights granted under the FLSA, courts in the Fourth Circuit have repeatedly found those common law claims preempted by the FLSA. *See Anderson*, 508 F.3d at 194 ("deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims"); *Degidio*, 2015 WL 5834280, at *13 (finding that a common law claim for unjust enrichment was preempted by the FLSA); *see also Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (awarding summary judgment to an employer on negligence claim as duplicative of FLSA claim, thereby implicitly ruling that negligence claim was FLSA-preempted).

Plaintiff's quantum meruit claim is duplicative of a FLSA claim for minimum wages for compensable time. (ECF No. 1-1 at 3-4.) Because Plaintiff asserts rights granted under the FLSA as the basis for his claim, his claim for quantum meruit is also preempted by the FLSA.

**C. FLSA Exemptions**

While the court would have been willing to grant Plaintiff's request for leave to amend under Federal Rule of Civil Procedure 15(a) to show why Plaintiff's attendance at training programs *could* be considered "compensable work" under 29 C.F.R. § 785.27 (b)-(d),[2] the court finds that Plaintiff falls within the professional exemption for teachers. Thus, Defendant cannot be held liable even if Plaintiff was able to prove violations of the FLSA.

Pursuant to 29 U.S.C.S. § 213(a)(1), the FLSA's minimum wage and maximum hour requirements do not apply to employees employed in a bona fide professional capacity, "including

---

[2] Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if: (b) Attendance is in fact voluntary; (c) The court, lecture, or meeting is not directly related to the employee's job; and (d) The employee does not perform any productive work during such attendance. Section (a) is not relevant because it is not disputed that attendance at these events were "outside of [Plaintiff's] regular working hours."

7

any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools." This exemption includes "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a).

Any teacher holding a "teaching certification qualif[ies] for the exemption regardless of the terminology (e.g., permanent, conditional, standard, provisional, temporary, emergency, or unlimited) used by the state to refer to different kinds of certificates." *Id*. at (c). In South Carolina, any individual "who serves in a position designed for the support of the instructional program in a public school of this state must hold an appropriate South Carolina teaching credential." S.C. ANN. REGS. 43-50 (1999). Further, "teachers of skilled and semi-skilled trades and occupations" qualify for the exemption. 29 C.F.R. § 541.303(b).

Plaintiff's position, as alleged in his Complaint, falls squarely within the FLSA exemption for teachers. By the Motion filed contemporaneously with Defendant's Motion to Dismiss, Defendant requested that the court take judicial notice of (1) Plaintiff's job titles listed on his employment agreements for all contract periods relevant to his claims, and (2) the purpose of Skills USA and Project Lead the Way trainings. (ECF Nos. 5-3, 5-4, 6.)

Plaintiff asserts that he was initially employed as a computer networking instructor and later as an engineering consultant as a part of Defendant's career and technology education program, and holds a Doctorate in education and leadership. (ECF No. 1-1 at ¶¶ 5-7.) Plaintiff's job title as listed in his employment agreements, for all contract periods relevant to his claims, provide that Plaintiff held an administrative/instructional support staff position for all times

relevant to his allegations. (ECF No. 5-2.) Based on this position, South Carolina requires that Plaintiff hold a South Carolina teaching credential. S.C. ANN. REGS. 43-50 (1999).

Plaintiff's claim for relief is based on his allegation that he was not compensated for attending "Skills USA competitions and trainings and Project Lead the Way trainings," which are professional development events for teachers. (ECF No. 1-1 at ¶ 11.) Based on the facts as alleged by Plaintiff, Plaintiff is a professional employee pursuant to the FLSA, and specifically a teacher in accordance with 29 C.F.R. § 541.303. Therefore, Plaintiff is an exempt employee and Defendant cannot be held liable even if Plaintiff was able to prove violations of the FLSA.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 5).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 6, 2017
Columbia, South Carolina